

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00909-CV

**IN THE INTEREST OF N.G.W.**, et al., Children

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-00066
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:　Catherine Stone, Chief Justice

Sitting:　　Catherine Stone, Chief Justice
　　　　　Karen Angelini, Justice
　　　　　Rebeca C. Martinez, Justice

Delivered and Filed:　April 2, 2014

AFFIRMED

M.G. appeals the order terminating his parental rights to his daughter, S.R.M.G. The sole issue raised on appeal is a challenge to the sufficiency of the evidence to support the trial court's finding that termination of M.G.'s parental rights was in S.R.M.G.'s best interest. We affirm the trial court's order.

### BACKGROUND

On October 25, 2012, the Texas Department of Family and Protective Services received a report that two-year-old S.R.M.G. and her six-year old brother N.G.W. were in the care of their mother and M.G., who were using drugs on a daily basis and selling drugs out of their home. Less than a month after the children were removed from their parent's care, M.G. was arrested.

At the permanency hearing on July 23, 2013, the records note that M.G. was not engaged in his service plan and remained incarcerated in the Guadalupe County jail. M.G. reported that he was awaiting trial and would be serving time in the Bexar County jail immediately upon his release from the Guadalupe County jail. M.G. was still incarcerated at the time of trial on December 2, 2013. After hearing the evidence, the trial court terminated M.G.'s parental rights.

### STANDARD OF REVIEW

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West Supp. 2013); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2008); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008).

In reviewing the legal sufficiency of the evidence to support the termination of parental rights, the court must "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id*. "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id*.

In reviewing the factual sufficiency of the evidence to support the termination of parental rights, a court "must give due consideration to evidence that the factfinder could reasonably have

found to be clear and convincing." *Id*. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id*.

## PREDICATE FINDINGS

M.G. does not challenge the sufficiency of the evidence to support the predicate findings, which included findings that M.G. had:

> (1) constructively abandoned [S.R.M.G.] who ha[d] been in the permanent or temporary managing conservatorship of the [Department] for not less than six months and: (a) the [Department] ha[d] made reasonable efforts to return [S.R.M.G.] to [M.G.]; (b) [M.G.] ha[d] not regularly visited or made significant contact with [S.R.M.G.]; and (c) [M.G.] ha[d] demonstrated an inability to provide [S.R.M.G.] with a safe environment; and

> (2) failed to comply with the provisions of a court order that specifically established the actions necessary for [M.G.] to obtain the return of [S.R.M.G.] who ha[d] been in the permanent or temporary managing conservatorship of the [Department] for not less than nine months as a result of [her] removal from [M.G.]

## BEST INTEREST FINDING

In reviewing the sufficiency of the evidence to support the best interest finding, we apply the factors set out in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody for the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id*. The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude

a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).

Based on the testimony of the case worker and the trial court's files of which it took judicial notice, the trial court could have found the following: S.R.M.G. was three years old at the time of trial. Since January of 2013, she and her brother had been placed in a long-term kinship placement, and their caretaker was willing to adopt them. Before being placed with the caretaker, S.R.M.G. was not toilet trained. Since the placement, S.R.M.G. had been toilet trained, was healthy, and doing well. Before being removed, S.R.M.G. had been exposed to M.G.'s drug use and domestic violence. M.G. had visited S.R.M.G. one time during her placement and then chose to stop visiting her. M.G. admitted to using and selling methamphetamines. M.G. remained incarcerated and had an additional felony theft charge pending. M.G. had a lengthy criminal history including criminal trespass, theft, robbery, driving while intoxicated, and possession of controlled substances for which he had been confined on numerous occasions. M.G. had not engaged in any services or completed any of his family service plan's goals. Based on the foregoing facts, the trial court could have formed a firm belief or conviction that it was in S.R.M.G.'s best interest that M.G.'s parental rights be terminated.

## CONCLUSION

The order of the trial court is affirmed.

Catherine Stone, Chief Justice